David Lee HESTER, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–91–01789–CR.

Court of Appeals of Texas,
Dallas.

July 20, 1993.

Ross Teter, Dallas, for appellant.

Karen R. Wise, Asst. Dist. Atty., Dallas, for appellee.

Before BAKER, LAGARDE and KINKEADE, JJ.

## OPINION

BAKER, Justice.

David Lee Hester appeals his conviction for possession of more than five pounds of marijuana. Following a plea bargain agreement, appellant pleaded guilty to the offense alleged in the indictment and true to two enhancement paragraphs. A Dallas County magistrate made findings and recommendations. The district court accepted the magistrate's recommendations. The trial court found appellant guilty and assessed a twenty-five-year sentence.

Appellant raises five points of error. He claims the evidence is insufficient to support his conviction. He argues that the magistrate did not preside in a neutral and detached manner. He claims he did not receive effective assistance of counsel. He argues the evidence is insufficient to support an award of attorneys' fees as court costs. Finally, he claims the trial court's sentence imprisons him for debt. We overrule his first, second, third, and fifth points of error. We sustain, in part, his fourth point of error. We reform the judgment to reduce the amount of costs and expenses of the court-appointed attorney to the sum of $250. We affirm the trial court's judgment, as reformed.

## SUFFICIENCY OF THE EVIDENCE

### A. Conviction

In his first point of error, appellant claims the evidence is insufficient to support his conviction. He specifically complains that the record does not contain a judicial confession to support his guilty plea.

Following appellant's entry of his guilty plea, the State introduced appellant's signed, written judicial confession into evidence without objection. Appellant testi-

fied on his own behalf. He admitted he was guilty as charged in the indictment.

■ In determining the sufficiency of the evidence, we view the evidence in the light most favorable to the verdict. We determine whether any rational trier of fact could find the essential elements of the offense beyond a reasonable doubt. *Turner v. State*, 805 S.W.2d 423, 427 (Tex. Crim.App.), *cert. denied*, — U.S. —, 112 S.Ct. 202, 116 L.Ed.2d 162 (1991). Contrary to appellant's contentions, his sworn testimony and written stipulation are judicial confessions. *See Cevalles v. State*, 513 S.W.2d 865, 866 (Tex.Crim.App.1974); *see also Davenport v. State*, 858 S.W.2d 1, 3 (Tex.App.—Dallas 1993, no pet. h.). Appellant's sworn testimony that he is guilty as charged in the indictment, without elaboration, is enough to sustain the trial court's judgment. *Dinnery v. State*, 592 S.W.2d 343, 352 (Tex.Crim.App.1979). We overrule appellant's first point of error.

### B. Attorneys' Fees

■ In his fourth point of error, appellant contends the evidence is insufficient to support an award of attorneys' fees as court costs. The judgment states that appellant must pay $334.50 in additional court costs.

Article 26.05 of the Code of Criminal Procedure permits compensation of court-appointed attorneys who represent an accused in a criminal proceeding. Article 26.05 provides:

(a) A counsel, other than an attorney with a public defender's office, appointed to represent a defendant in a criminal proceeding ... shall be reimbursed for reasonable expenses incurred with prior court approval for purposes of investigation and expert testimony and shall be paid a reasonable attorney's fee for performing the following services ...

\* \* \* \* \* \*

(b) All payments made under this article shall be paid in accordance with a sched-

ule of fees adopted by formal action of the county and district criminal court judges within each county....

(c) Each fee schedule adopted will include a fixed rate, minimum and maximum hourly rates, and daily rates and will provide a form for reporting the types of services performed in each one. No payment shall be made under this section until the form for reporting the services performed is submitted and approved by the court and is in accordance with the fee schedule for that county.

\* \* \* \* \* \*

(e) If the court determines that a defendant has financial resources that enable him to offset in part or in whole the costs of the legal services provided, including any expenses and costs, the court shall order the defendant to pay the amount that it finds the defendant is able to pay.

TEX.CODE CRIM.PROC.ANN. art. 26.05 (Vernon 1989).[1]

■ This Court has held that to uphold an award of attorneys' fees under article 26.05, there must be sufficient evidence in the record to support the claim. *See Miller v. State*, 755 S.W.2d 211, 216 (Tex.App.—Dallas 1988), *rev'd on other grounds*, 815 S.W.2d 582 (Tex.Crim.App.1991). The trial court has discretion in determining the proper value of the legal fees it orders a defendant to pay under article 26.05. *See* art. 26.05(e). However, due process considerations require evidence in the record to provide a factual basis for the *amount* set by the trial court. *Barker v. State*, 662 S.W.2d 640, 642 (Tex.App.—Houston [14th Dist.] 1983, no pet.).

The State claims the evidence clearly supports the trial court's award of $334.50 in attorneys' fees and expenses. Appellant and the State agree that appellant's counsel negotiated a plea bargain and appeared in court for the plea bargain hearing. Additionally, the record includes a document listing the amount of fees for the attorney's services. The State argues that

---

**1.** Unless otherwise noted, all future statutory references are to the Texas Code of Criminal

Procedure.

these facts are sufficient evidence. We disagree.

█ The State relies on the special commentary to article 26.05 that Judge Onion drafted in 1965. As the statute existed then, the trial court automatically awarded the minimum fee listed in the statute to any counsel appointed to represent a defendant in a criminal proceeding. *See* Act of June 1, 1981, 67th Leg., R.S., ch. 291, § 106 1981 Tex.Gen.Laws 761, 803, *amended by* Act of May 30, 1987, 70th Leg., R.S., ch. 979 § 3, 1987 Tex.Gen.Laws 3321, 3323. The legislature substantially revised article 26.05 in 1987. The amendment dropped the mandatory fee schedule and required the county and district criminal court judges to adopt their own fee schedule. *See* art. 26.05(b) (Vernon 1989). Special commentaries are never controlling. Thus, we do not consider the special commentary in interpreting the current article 26.05.

Regardless, the record does not contain sufficient evidence of how the trial court determined appellant should pay $334.50. The claim form for services and expenses shows $250 for attorneys' fees. Thus, we cannot conclude that the trial court based its $334.50 award on this document. The statement of facts does not show that the trial court took judicial notice of the county's adopted fee schedule. Appellant's trial counsel did not offer live testimony about the work completed or time spent on appellant's case. However, we conclude that the claim for services and expenses form the trial court approved is sufficient evidence to support an award of costs and expenses of the court-appointed attorney in the sum of $250. We reform the judgment to reduce the amount of costs and expenses of the court-appointed attorney to $250. Tex. R.App.P. 80(b)(2).

### NEUTRAL AND DETACHED MAGISTRATE

█ In his second point of error, appellant contends the magistrate prejudiced his right to a fair trial by not acting in a neutral and detached manner. Appellant argues that the magistrate satisfied the State's burden of proof by asking appellant questions about the entry of his guilty plea. The State claims we should dismiss appellant's point because appellant's notice of appeal does not follow rule 40(b)(1) of the Texas Rules of Appellate Procedure. *See* Tex.R.App.P. 40(b)(1). Assuming, without deciding, that appellant's complaint attacks the validity of his guilty plea, we may review this point despite appellant's failure to follow rule 40(b)(1). Tex.R.App.P. 40(b)(1); *see Walker v. State,* 843 S.W.2d 716, 717 (Tex.App.—Dallas 1992, pet. ref'd); *see also Davenport,* at 3.

█ At appellant's request, the trial court referred the cause to a magistrate under a general order in compliance with the Dallas County Magistrate's Act (Magistrate's Act). *See* Tex.Gov't Code Ann. §§ 54.301–54.313 (Vernon 1988). The record reflects the magistrate administered the oath to appellant. The magistrate asked appellant about his correct name. The magistrate asked him whether he agreed and stipulated that the allegations in the indictment and enhancement paragraph were true and correct. Under the trial court's general order, the magistrate had the power to examine appellant as a witness. *See* Tex.Gov't Code Ann. § 54.-308(a)(6) (Vernon 1988); *see also Davenport,* at 4. The magistrate acted within the authority given in the order. We conclude appellant received a fair trial. We overrule appellant's second point of error.

### EFFECTIVE ASSISTANCE OF COUNSEL

█ In his third point of error, appellant contends he did not receive effective assistance of counsel. *See Strickland v. Washington,* 466 U.S. 668, 686, 104 S.Ct. 2052, 2063, 80 L.Ed.2d 674 (1984); *Hernandez v. State,* 726 S.W.2d 53, 55 (Tex.Crim.App. 1986). He claims counsel was ineffective because he did not: (1) move for acquittal when the State allegedly produced insufficient evidence, or (2) object when the magistrate questioned appellant. The State does not contend that rule 40(b)(1) bars our consideration of this point.

The record must affirmatively support claims of ineffective assistance of counsel. *See Smith v. State,* 676 S.W.2d 379, 385 (Tex.Crim.App.1984), *cert. denied,* 471 U.S. 1061, 105 S.Ct. 2173, 85 L.Ed.2d 490 (1985). Because we have held the evidence sufficient to support appellant's conviction, appellant's counsel was not ineffective for failure to move for acquittal when the State rested. We have held the magistrate acted within the authority granted in the trial court's referral order. Therefore, appellant's counsel was not ineffective for failing to object when the magistrate questioned appellant. We conclude appellant received effective representation in the trial court under the *Strickland and Hernandez* standard. *See Strickland v. Washington,* 466 U.S. at 686, 104 S.Ct. at 2063; *Hernandez,* 726 S.W.2d at 55. We overrule appellant's third point of error.

## IMPRISONMENT FOR DEBT

In his fifth point of error, appellant contends the trial court denied him due process by not determining his indigency before sending him to prison for appellant's failure to pay court costs. Appellant also asserts that the trial court's assessment of a fine in addition to his jail sentence is imprisonment for debt in violation of the due process and equal protection clauses of the state and federal constitutions as well as article I, section 18 of the Texas Constitution.

The record shows the trial court found appellant indigent and appointed counsel to represent appellant in his defense. Appellant has not shown he has completed his term of imprisonment and that his confinement is solely because he did not pay his fine.

We have already ruled adversely to appellant's arguments on these issues. *See Davenport,* at 4–5. We overrule appellant's fifth point of error.

We affirm the trial court's judgment, as reformed.