COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



MARIA MEZA,

                            Appellant,

v.

THE STATE OF TEXAS,

                            Appellee.

§

§

§

§

§

No. 08-03-00094-CR

Appeal from the

243rd District Court

of El Paso County, Texas

(TC#20020D00817)




O P I N I O N
           Maria Meza was convicted of hindering the apprehension or prosecution of her
son, Ricardo, who was wanted for a felony. The jury sentenced her to five years in
prison, but recommended that the sentence be suspended. In accordance with the jury’s
verdict, the trial court sentenced Meza to five years in prison, probated for five years. 
On appeal, Meza argues that the State committed prosecutorial misconduct by asking her
irrelevant and unduly prejudicial questions during the punishment stage of the trial and
that the trial court erred by attaching unreasonable and factually unsupported conditions
to her probation. We will affirm the judgment as modified.

Prosecutorial Misconduct
           During the punishment stage of trial, and over objections by her attorney, the
prosecutor asked Meza the following questions:
[Y]ou knew your children were doing things related to gangs inside
your house, didn’t you?

. . .
 
You knew your children were in gangs, right?

. . .
 
Earlier today you testified . . . that you knew the police were looking
for Ricardo Meza partly because of his gang activity. . . . Is that correct? 

. . .
 
[Y]our son, when he was charged with the aggravated assaults, ran
off to Mexico and hid for over a year, isn’t that correct?

. . .
 
[I]sn’t it true that your son, after being charged with the aggravated
assault, ran away to Mexico and hid out from coming to court?

Meza denied that her children were in gangs, that she knew they were in gangs, or that
Ricardo absconded.
           In her first issue, Meza argues that the State committed prosecutorial misconduct 
by asking these questions. She contends that the questions were irrelevant and were an
attempt by the State to use her sons’ characters and actions to prejudice the jury against
her. She also contends that although the State gave the jury the impression that the
questions were based on fact, the State presented no evidence that her children were in
fact gang members or that Ricardo had absconded to avoid prosecution.
           We find it unnecessary to address the merits of these contentions. It is well settled
that the overruling of an objection to evidence is not reversible when other such evidence
was admitted without objection. See Leday v. State, 983 S.W.2d 713, 718 (Tex. Crim.
App. 1998). In this case, evidence that Meza’s sons were gang members and that Ricardo
absconded was admitted at the guilt stage of the trial.
           In particular, a police officer testified that he was familiar with Ricardo, his
brother, and the Meza family through his work with the CRASH unit, which is a gang
task force. The CRASH unit was called out to effectuate Ricardo’s arrest. Officers also
testified that Ricardo had “a history of assaulting officers” and “a history of running,” that
they were attempting “to make sure he wouldn’t run again,” and that Ricardo had “evaded
and . . . fought officers in the past.” Meza herself testified that there was an arrest
warrant for Ricardo “regarding him absconding because he was a gang member,” that
“the policemen had showed up on several occasions because [Ricardo] stole four trees,
because he beat up a dame, he was part of a gang and he absconded,” and that “they
showed up at my place . . . telling me that he . . . was in a gang and he had absconded, he
had ran away from them.”


 At the beginning of the punishment stage, the prosecution
offered all of the testimony and evidence from the guilt stage.
           Moreover, during the guilt stage the defense stipulated to the admission of State’s
Exhibit 1, which consisted of an alias capias for Ricardo’s arrest for assaulting a public
servant, along with court documents reflecting that Ricardo failed to appear for his trial. 
In moving for the admission of this exhibit, the prosecutor stated that it was being
introduced for “the limited purpose of showing that there was, in fact, a felony warrant
out for [Ricardo Meza].” When Meza denied during the punishment stage that Ricardo
had absconded, the prosecutor referred to State’s Exhibit 1 by asking, “So if the court
documents that we have here show that he was supposed to show up in court and he failed
to show up you’re telling this jury that those papers were lying . . . ?” The prosecutor
later made another reference to “the documents which have already been entered into
evidence . . . that Ricardo was charged with aggravated assault and . . . that he did not
show up . . . .” The defense made no objection to these references to State’s Exhibit 1.
           It is thus apparent that the jury was presented with evidence from which it could
have inferred that Meza’s sons were gang members and that Ricardo absconded to avoid
prosecution for aggravated assault. Therefore, the prosecutor’s reference to this
information was harmless, and Meza’s first issue is overruled.
Conditions of Probation
           As conditions of her probation, the trial court required Meza to do the following: 
(1) perform 200 hours of community service; (2) pay a $100 fine in installments of $5 per
month; (3) reimburse the county $2,800 for her attorney’s fee in installments of $55 per
month; (4) observe curfew between 10 p.m. and 5 a.m.; (5) participate in a G.E.D.
program; and (6) pay $223 in court costs, a $20 jury fee, and a $60-per-month supervision
fee. In her second issue, Meza argues that these conditions are unreasonable and were
designed to assure that she would not successfully complete her probation. In particular,
she argues that requiring her to pay the fine, fees, and costs was unreasonable because she
is unable to pay these amounts. She further argues that there was no factual basis for the
amount of the attorney’s fee.
           The Court of Criminal Appeals has stated:
An award of community supervision is not a right, but a contractual
privilege, and conditions thereof are terms of the contract entered into
between the trial court and the defendant. Therefore, conditions not
objected to are affirmatively accepted as terms of the contract. Thus, by
entering into the contractual relationship without objection, a defendant
affirmatively waives any rights encroached upon by the terms of the
contract. A defendant who benefits from the contractual privilege of
probation . . . must complain at trial to conditions he finds objectionable.

Speth v. State, 6 S.W.3d 530, 534 (Tex. Crim. App. 1999). If there is no opportunity to
object to a trial court’s actions during a sentencing hearing, a motion for new trial will
preserve error. See Pearson v. State, 994 S.W.2d 176, 179 (Tex. Crim. App. 1999); see
also Speth, 6 S.W.3d at 534 & n.9 (noting that the requirement of a trial objection
assumes that the defendant knew what the conditions were in time to object at trial). An
appellant may not complain about conditions of probation for the first time on appeal. 
Speth, 6 S.W.3d at 535; see also Hull v. State, 67 S.W.3d 215, 216-17 (Tex. Crim. App.
2002); Heiringhoff v. State, 130 S.W.3d 117, 133-34 (Tex. App.--El Paso 2003, pet.
ref’d).
           The Court of Criminal Appeals has noted, however, that it ordinarily allows
defendants to raise challenges to the sufficiency of the evidence for the first time on
appeal. See Idowu v. State, 73 S.W.3d 918, 922 (Tex. Crim. App. 2002). In Idowu, the
trial court ordered the appellant to pay restitution to the victim. Id. at 920. The appellant
complained to the court of appeals that the victim actually suffered no loss; therefore, in
the words of the court of appeals, there was “no factual basis supporting the amount of
restitution ordered.” Idowu v. State, Nos. 05-00-00168-CR & 05-00-00169-CR, 2001 WL
474401, at *7 (Tex. App.--Dallas May 7, 2001) (emphasis added), aff’d, 73 S.W.3d 918
(Tex. Crim. App. 2002). Relying on Speth, the court of appeals rejected this argument
because it was not raised in the trial court. See id.
           The Court of Criminal Appeals affirmed, stating first that the court of appeals “did
not err in concluding that appellant failed to preserve the issue of restitution for appellate
review.” Idowu, 73 S.W.3d at 919. But the Court went on to state, “If a defendant
wishes to complain about the appropriateness of (as opposed to the factual basis for) a
trial court’s restitution order, he must do so in the trial court . . . .” Id. at 921 (emphasis
added). And the Court further stated, “Whether the record provides a sufficient factual
basis for a particular restitution order could be considered an evidentiary sufficiency
question that need not be preserved by objection at the trial level.” Id. at 922. The Court
concluded, “Whether a party must object to preserve an evidentiary sufficiency claim
concerning a restitution order, or the amount of restitution, need not be resolved in this
case because here, [the State presented evidence of the amount of the victim’s loss]. 
Thus, there was a factual basis for the amount of restitution the trial court ordered.” Id. 
It therefore seems that the Court held both: (1) that the appellant’s complaint regarding
the factual basis for restitution was not preserved because he did not object in the trial
court, and (2) that it need not decide whether an objection is required to preserve a
factual-basis complaint.



           In this case, the trial judge announced in open court that he was suspending
Meza’s sentence and placing her on probation for five years “under terms and conditions
that will be fully explained to you [Meza] by [the] community supervisions officer . . . .” 
The following exchange then occurred among the judge, Defense Counsel Garcia, and
Prosecutors Ferguson and Rosales:
Judge:Among these conditions will be that you perform 200 hours of
community service, pay a fine in the amount of $100.00. Is
there anything else?
 
Ferguson:Nothing from the--I’m sorry.
 
Garcia:Did you say a $100.00 fine?
 
Judge:Yes. $100.00
 
Ms. Rosales?
 
Rosales:Nothing, Your Honor.
 
           Judge:           Reimburse the County of El Paso for the cost of Mr. Garcia’s
services in this case.
 
Garcia:Your Honor, I’m not--
 
Judge:Oh, come on, Mr. Garcia.
 
Garcia:All right. Well--
 
Judge:I’ll count the hours. I know how long--
 
Garcia:You want me to say $1,000.00, Judge, or $750.00.
 
Judge:Probably $1000.00 is going to be closer. Okay. We did 17.5
hours just in trial. And we had arraignments. Half an in here
[sic]. And 20 in court. That’s 65. That’s $1,300.00. And
then your out of court time all of your preparation and
everything else.
 
Garcia:So how much are you going to assess her?
 
Judge:Well, you tell me. You got $1,300.00 just in court. I mean,
how much time have you put into the case. I mean, you’re
probably looking at another $1,500 trial preparation. 
 
Garcia:Well, Judge, yes.
 
Judge:I know you’re trying to save your client some money, but you
got to be fair to the county, too. 
 
Garcia:I understand, Judge. It will be [sic] Would $1,500 be all right,
Judge?
 
Judge:Sure. So that would be $2,800. You will reimburse the
County of El Paso in the amount of $2,800, for the cost of Mr.
Garcia’s excellent representation, and abide by all of the other
standard terms and conditions of probation, set curfew at 10--10 o’clock curfew.

The judge then indicated that Meza would be required to get a G.E.D. and that, if
possible, her community service hours should be performed at the police department “so
that she can learn that police officers aren’t her enemies . . . .”
           The judge did not specify the amount of the payments Meza would be required to
make for the fine and attorney’s fee, nor did he state that Meza would be required to pay
$223 in court costs, a $20 jury fee, and a $60-per-month supervision fee. This
information was, however, included in the written conditions of community supervision,
which Meza signed on the same day her sentence was suspended. There is nothing in the
record to show that Meza objected to these conditions. She did not file a motion for new
trial. Accordingly, we conclude that Meza cannot complain about the unreasonableness
of any of the conditions for the first time on appeal. To the extent her second issue
complains of the unreasonableness of the conditions, the issue is overruled.
           As noted above, Meza also complains about the lack of a factual basis for the
attorney’s-fee condition. A trial judge enjoys broad discretion to determine the conditions
of probation. See Tex. Code Crim. Proc. Ann. art. 42.12, § 11(a) (Vernon Supp. 2004-05); Speth, 6 S.W.3d at 533. Among other conditions, the judge may order the defendant
to “[r]eimburse the county . . . in an amount that would have been paid to an appointed
attorney had the county not had a public defender.” Tex. Code Crim. Proc. Ann. art.
42.12, § 11(a)(11).


 Although the trial judge has discretion to determine the amount of
the attorney’s fee, due process requires that there must be evidence in the record to
provide a factual basis for the amount set by the trial court. Hester v. State, 859 S.W.2d
95, 97 (Tex. App.--Dallas 1993, no pet.). In other words, there must be at least some
evidence in the record showing how the fee was determined. Miller v. State, 755 S.W.2d
211, 217 (Tex. App.--Dallas 1988), rev’d on other grounds, 815 S.W.2d 582 (Tex. Crim.
App. 1991).


 If there is no evidence to support the amount of the attorney’s fee, the
judgment should be reformed to delete that condition. See Miller, 755 S.W.2d at 217.
           Here, the judge ordered Meza to pay $1,300 for her attorney’s representation in
court. Although the judge indicated that he knew the number of hours counsel had spent
in court, his comments in open court do not reveal the number or the rate the judge used
in his calculations: “We did 17.5 hours just in trial. And we had arraignments. Half an
in here [sic]. And 20 in court. That’s 65. That’s $1,300.00.” The judge did not state that
he was taking judicial notice of the county’s adopted fee schedule. See Hester, 859
S.W.2d at 98 (finding no factual basis for the amount of attorney’s fees where, among
other things, the record did not show that the trial court took judicial notice of the
county’s adopted fee schedule and counsel did not testify about the work completed or
time spent on the case).
           The judge also ordered Meza to pay $1,500 for her attorney’s pretrial preparation.
The only reference in the record to this amount is the judge’s suggestion to counsel, “I
mean, you’re probably looking at another $1,500 trial preparation,” followed by counsel’s
acknowledgment, “Well, Judge, yes,” and then the question, “Would $1,500 be all right,
Judge?” Counsel’s unsworn acquiescence to the judge’s suggested amount is hardly
sufficient to provide a factual basis for that amount. Neither the judge nor counsel 
mentioned the number of hours spent in pretrial preparation or the applicable rate for the
services rendered.
           We conclude that there is no factual basis to support the amount of the attorney’s
fee. Because Meza did not raise her complaint about the attorney’s fee in the trial court,
we are confronted with the issue seemingly left undecided in Idowu: Whether a
complaint about the factual basis to support a condition of probation may be raised for the
first time on appeal. We agree with Idowu’s suggestion that a factual-basis complaint is
essentially an evidentiary-sufficiency complaint. See 73 S.W.3d at 922. Accordingly,
Meza was not required to raise the complaint in the trial court. See id.; Flanary v. State,
166 Tex. Crim. 495, 496, 316 S.W.2d 897, 898 (1958); Perez v. State, 113 S.W.3d 819,
836 (Tex. App.--Austin 2003, pet. ref’d).
           We must address one final argument made by the State. The State asserts that
Meza invited any error in the assessment of the attorney’s fee because her counsel helped
the trial court determine the amount. The Court of Criminal Appeals has given the
following explanation as to when the invited error doctrine applies:
If a party affirmatively seeks action by the trial court, that party cannot later
contend that the action was error. This is not really a waiver of error
previously committed. Rather, it is part of the definition of what can
constitute error, and quite reasonably defines error of which a party may
complain as excluding those actions of the trial court actually sought by the
party in that tribunal.

Prystash v. State, 3 S.W.3d 522, 531 (Tex. Crim. App. 1999) (emphasis added) (quoting
43 George E. Dix & Robert O. Dawson, Texas Practice: Criminal Practice &
Procedure § 42.141 (Supp. 1999)). The record does not reflect that Meza or her counsel
sought to have the trial court include the attorney’s-fee condition. Instead, it is clear that
the trial judge raised the issue on his own initiative. Meza’s counsel merely responded to
the judge’s requests. Under these circumstances, the doctrine of invited error does not
apply. To the extent Meza’s second issue complains of the lack of a factual basis for the
attorney’s-fee condition, the issue is sustained.Conclusion
           For the reasons stated herein, the judgment of the trial court is modified to delete
the condition of probation that Meza reimburse the County $2,800 for her attorney’s fee. 

In all other respects, the judgment is affirmed.
 
                                                                  SUSAN LARSEN, Justice
December 16, 2004

Before Panel No. 1
Larsen, McClure, and Chew, JJ.

(Publish)