COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS





LINDA CHAVEZ,

                            Appellant,

v.


THE STATE OF TEXAS,

                            Appellee.

§
 
§
 
§
 
§
 
§
 
 § 


No. 08-05-00075-CR

Appeal from the

243rd Judicial District Court

of El Paso County, Texas 

(TC# 20040D01682) 





O P I N I O N

            Linda Chavez appeals her conviction for driving while intoxicated, third or more. A jury
found her guilty as charged in the indictment and the trial court assessed punishment at 10 years’
imprisonment in the Institutional Division of the Texas Department of Criminal Justice, probated
to 10 years of community supervision, a $1,000 fine, probated, and 10 days’ confinement in the
El Paso County Detention Facility as a condition of probation. Appellant raises two issues on
appeal, in which she contends: (1) the trial court erred in admitting the D.W.I. video into
evidence at trial; and (2) erred in attaching conditions to her probation that were unreasonable. 
We affirm the judgment, as modified.
            On December 30, 2003, at about 1:41 a.m, Officer Jose Avila was driving southbound on
Mesa between Executive and Brentwood when he saw a red Nissan Sentra traveling northbound
on Mesa without its headlights on. Because this was a traffic violation and a dangerous situation,
Officer Avila made a u-turn and conducted a traffic stop. When Officer Avila approached the
vehicle, the driver, later identified as Appellant, rolled down her window. There were two
passengers in the vehicle, Appellant and a front passenger. Officer Avila observed a very strong
odor of alcohol coming from inside the vehicle. After he asked Appellant for her driver’s license
and proof of insurance, the officer noticed a very strong odor of alcohol coming from Appellant’s
breath and also noted that Appellant had slurred speech and red, bloodshot eyes. Officer Avila
then asked Appellant to step out of the vehicle to perform the standardized field sobriety tests. 
As Officer Avila proceeded to instruct Appellant on the tests, he noticed that she had unstable
balance and could not stand upright. For Appellant’s safety, Officer Avila stopped performing
the tests on the street and instead, he arrested Appellant, called for a wrecker to impound the
vehicle, and transported Appellant to the police station to perform the tests.
            At the police station, approximately an hour and twenty minutes later, Officer Avila
escorted Appellant into a room equipped with videotape equipment, and after advising Appellant
of her constitutional and statutory rights and Appellant waiving those rights, Officer Avila
conducted the following tests: the horizontal gaze nystagmus test; the walk-and-turn test; and the
one-legged stand test. On the horizontal gaze nystagmus test, Officer Avila observed six out of
six clues of intoxication. Officer Avila observed four out of eight clues of intoxication on the
walk-and-turn test and on the one-legged stand test, Appellant swayed badly, had to use her arms
for balance, and put her foot down a couple of times during the thirty-second test.
            In Issue One, Appellant contends the trial court erred in admitting into evidence the
D.W.I. video in violation of her right to due process. Specifically, Appellant complains that the
entire videotape should have been suppressed because it was improperly authenticated, the audio
portion was exculpatory evidence under Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10
L.Ed.2d 215 (1963), and had the videotape contained sound, it would have demonstrated to the
jury that she had not lost the normal use of her mental and physical faculties.
            A trial court has broad discretion to admit a videotaped recording at trial and absent an
abuse of discretion, we will not disturb the trial court’s ruling. See Angleton v. State, 971 S.W.2d
65, 67 (Tex.Crim.App. 1998); see also Montgomery v. State, 810 S.W.2d 372, 391
(Tex.Crim.App. 1991)(opin. on reh’g)(admissibility of evidence is reviewed for an abuse of
discretion). Through Officer Avila’s testimony, the State proffered the videotape of Appellant
performing the field sobriety tests in the intoxilyer room. Officer Avila testified that he made the
videotape and that the visual recording device was working properly that night, but the audio was
not working. He stated that no alterations were made to the video and that it accurately depicted
what was recorded that evening. Officer Avila was not aware at the time that the video was
being made that the machine was not recording any sound. When the State offered the exhibit,
Appellant objected, stating “[s]ubject to my motion to suppress, Your Honor, and 38.23.” The
trial court overruled the objection and the videotape was shown to the jury without audio.
            The State contends Appellant’s complaints are not preserved for review because her
complaints on appeal do not comport with her trial court objections. We agree. The record
shows that Appellant filed a pretrial motion to suppress, alleging that her arrest was illegal and
that all statements, either written or oral, made during and after her arrest were inadmissible. 
Appellant requested a pretrial hearing on the matter pursuant to Article 28.01 of the Texas Code
of Criminal Procedure. On May 17, 2004, the trial court held a brief hearing on 28.01 pretrial
motions, but there was no discussion of Appellant’s motion to suppress. At no time did
Appellant object to the admissibility of the videotape on the grounds now raised on appeal. 
Because Appellant’s complaint on appeal does not comport with specific objections made in the
trial court, she has waived this issue for review. See Tex.R.App.P. 33.1(a); Broxton v. State, 909
S.W.2d 912, 918 (Tex.Crim.App. 1995)(point of error must correspond to an objection made at
trial). Issue One is overruled.
            In Issue Two, Appellant contends the trial court erred in modifying the terms and
conditions of her probation, thereby ordering her to pay the court-appointed attorney’s fees and to
pay for the reporter’s record after the trial court had previously found her to be indigent and
entitled to a court-appointed attorney and a reporter’s record at county expense. In particular,
Appellant argues that these conditions are unreasonable and that there was no consideration made
as to her ability to pay the costs, and thus no factual basis in the record to support the requested
payments, the amounts of which were never assessed.
            The record shows that the initial terms and conditions of Appellant’s probation required
Appellant to pay a $60 per month supervision fee, a $1,000 fine, which was probated, $223 in
court costs, and $2 to the El Paso Crime Stoppers Program. She was also ordered, among other
things, to complete 500 hours of community service, 10 days detention in the El Paso County
Detention Facility, submit to breath analysis and urinalysis tests, attend various substance abuse
and repeat offenders programs, and participate in a medically-approved antabuse program, as
prescribed by a license physician. On February 17, 2005, one day after sentencing, Appellant
filed her notice of appeal. On February 25, the trial court granted Appellant an appeal bond
under her personal recognizance. On March 4, Appellant’s retained counsel filed a motion to
withdraw as counsel. Upon the order of this Court, the trial court conducted a hearing to
determine if Appellant had retained new counsel or was entitled to appointment of counsel on
appeal. At the indigency hearing on April 8, the trial court found Appellant indigent and eligible
for court-appointed counsel and appointed the Public Defender’s Officer to represent Appellant
on appeal.
            On May 2, 2005, the trial court held a status hearing after receiving a letter from
Appellant, asking to commence her probation while the appeal is pending. At the hearing,
Appellant requested permission to continue working as a waitress at a restaurant that serves
alcohol, which was prohibited under the terms and conditions of her probation. The trial court
congratulated Appellant on getting the job and said, “[w]ell, we’ll waive that.” The trial court
concluded the hearing by explaining that Appellant’s P.R. bond would be closed out, and going
forward, Appellant would start her probation under her assigned probation officer. On the same
date, the trial court filed an order modifying the terms and conditions of Appellant’s community
supervision. In that order, Appellant was granted permission to continue her employment at the
designated restaurant and permitted to handle alcoholic beverages for purposes of employment
only. She was also ordered to pay to “the costs of the appeal in this cause which includes the
Attorney’s fees and reporter’s record.” However, there had been no discussion about so
modifying or adding other terms and conditions to Appellant’s probation at the hearing. On
June 28, the trial court granted Appellant’s request for preparation of the reporter’s record at
county expense.
            The State asserts that Appellant’s complaint about the unreasonableness of a term and
condition to her probation is not preserved for review because it is being raised for the first time
on appeal. The trial court has broad discretion in determining the conditions of probation to be
imposed. Speth v. State, 6 S.W.3d 530, 533 (Tex.Crim.App. 1999). The judge may impose any
reasonable condition that is designed to protect or restore the community, protect or restore the
victim, or punish, rehabilitate, or reform the defendant. Id.; Tex.Code Crim.Proc.Ann.
art. 42.12, § 11(a)(Vernon 2007). Conditions not objected to are affirmatively accepted as terms
of the award of community supervision, which the courts of Texas consider a contractual
privilege. Speth, 6 S.W.3d at 534. “A defendant who benefits from the contractual privilege of
probation, the granting of which does not involve a systemic right or prohibition, must complain
at trial to conditions he finds objectionable.” Id. The States argues that because the record does
not reflect any objection made to the trial court concerning the now complained-of terms and
conditions, her complaint about their unreasonableness is not preserved for review.
            Even if we were to agree with the State that it was incumbent upon Appellant to raise an
objection to the additional terms and conditions of her probation after the trial court filed its May
2 order to preserve a reasonableness complaint, we nevertheless find that Appellant’s second
issue includes a challenge to the factual basis of the complained-of terms and conditions. In
Meza v. State, 153 S.W.3d 238, 245 (Tex.App.--El Paso 2004, no pet.), this Court held that a
complaint about the factual basis to support a condition of probation is essentially an evidentiary-sufficiency complaint, that may be raised for the first time on appeal. Id. Due process requires
that there must be evidence in the record to provide a factual basis for the amount set by the trial
court for county reimbursement of the attorney’s fee. See id. at 244; Hester v. State, 859 S.W.2d
95, 97 (Tex.App.--Dallas 1993, no pet.); see also Tex.Code Crim.Proc.Ann. art. 42.12,
§ 11(a)(11). If there is no evidence to support the amount of the attorney’s fee, the judgment
should be reformed to delete that condition. Meza, 153 S.W.3d at 244, citing Miller v. State, 755
S.W.2d 211, 217 (Tex.App.--Dallas 1988), rev’d on other grounds, 815 S.W.2d 582
(Tex.Crim.App. 1991).
            In this case, the trial court ordered Appellant to pay for her court-appointed attorney on
appeal, but there is no evidence in the record as to what amount was assessed for payment. 
Likewise no amount was assessed for the court reporter’s record. We agree with Appellant that it
appears from the record that no consideration was made by the trial court as to Appellant’s ability
to pay those unspecified amounts. Further, the trial court’s May 2 order seems contrary to its
June 28 order granting Appellant’s request for the court reporter’s record at county expense. 
Because there is a total lack of a factual basis for the condition that Appellant pay the unspecified
attorney’s fee and costs of the reporter’s record, we sustain Appellant’s second issue.
            For the reasons stated above, we modify the trial court’s judgment to delete the condition
of probation that Appellant pay to the El Paso County Clerk’s Collections Department the costs
of the appeal in this cause which includes the attorney’s fees and reporter’s record.
            We affirm the trial court’s judgment as modified.


March 1, 2007
DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Carr, JJ.

(Do Not Publish)