COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

CYNTHIA CHAPARRO,       §

           Appellant,       §

v.       §

THE STATE OF TEXAS,       §

           Appellee.       §

      §

No. 08-08-00290-CR

Appeal from the

Criminal District Court No. One

of El Paso County, Texas

(TC# 20080D01513)

## O P I N I O N

A jury convicted Appellant, Cynthia Chaparro, of possession of marijuana, in the amount of 2,000 pounds or less but more than 50 pounds, and in accordance with an agreement between the parties, the trial court assessed punishment at four years confinement, probated for four years.[1] Appellant brings four issues on appeal, challenging the sufficiency of the evidence, the admission of extraneous offenses, and the imposition of an unreasonable probation condition. We affirm.

### BACKGROUND

On March 12, 2008, Appellant attempted to cross the Paso Del Norte Bridge, an international port of entry connecting Juarez, Mexico, with El Paso, Texas, in a 1998 Ford Mustang, with fifty-nine bundles of marijuana. When she entered the inspection lane, Appellant met Border Protection Officer Israel Martinez. After noting that Appellant was the sole occupant in the vehicle, Officer Martinez verified that the license plate matched that displayed on his automatic license-plate scanner. Upon inquiry, Appellant told the officer that she had been in Juarez for about three to four hours

---

[1] We pause to note that the written judgment reflects that the jury assessed punishment. However, this is contrary to the record. Thus, we reform the clerical error in the written judgment to reflect that the trial court assessed punishment.

visiting her aunt. When Officer Martinez inquired about the vehicle, Appellant responded that the car belonged to her boyfriend, that she had the car for about two months, that no one else drove the car but her, and that no work had been done to the car. Appellant then presented the officer with a Texas title and bill of sale for the car. Officer Martinez thought the documents were "odd" as the title was issued in 1991, and the bill of sale was dated 1994, but the car itself was a 1998 model. Appellant told the officer that she was not bringing anything from Mexico into the United States, and after inspecting the trunk and finding no personal items, which is generally expected of someone driving a car for two months, Officer Martinez noted that Appellant's demeanor changed. She was more somber and serious, and as one leg bounced up and down, she grasped at the steering wheel "like if she was driving 50, 60 miles an hour . . . ." Noting that Appellant's behavior indicated nervousness and was consistent with someone trying to lie or hide something, Officer Martinez checked the car's border-crossing history and found that it had no prior crossings. At that point, the officer chose to refer Appellant to Border Patrol Officer Jose Arzate for a secondary inspection.

Again, Appellant told Officer Arzate that the car belonged to her boyfriend, but contrary to her earlier assertions before Officer Martinez, Appellant claimed that she was coming from her boyfriend's house in Juarez. During Officer Arzate's interview, Appellant became more nervous and she had a blank stare. Consequently, the officer asked Appellant to exit the vehicle and requested a canine inspection. The canine alerted, by sitting, to the driver-side door and the rear-seat area of the vehicle. Brown-taped bundles of marijuana, weighing 62.65 pounds, were then found under the rear-seat cushion of the car. The wholesale price for the marijuana was between $200 and $250 per pound, or $12,530 to $15,662 for the lot.

Appellant later gave a written statement, which alleged that she was in Juarez at her dad's house when, at 2 p.m., her boyfriend called and told her to get ready as they were going to El Paso.

According to Appellant, she had "barely" met her boyfriend two weeks before, who told her that his father owned a car lot in Juarez and that they also had an office in El Paso where customers "fix the papers for the cars." Appellant then claimed that her boyfriend picked her up and they drove to the bridge. However, just a few blocks before the bridge, she contended that her boyfriend stopped at the Consulate and told her to take the car and that he would meet her in El Paso. Her boyfriend told her that she should not have any trouble at the bridge. Appellant then drove the car to the bridge. She denied knowing the car contained drugs or that it was stolen.

Her testimony at trial followed her statement. Appellant further stated that she drove the Mustang for the first time on March 12, 2008, and denied that she told Officer Martinez that she had been driving the car for two months.

## SUFFICIENCY OF THE EVIDENCE

Appellant's first issue challenges the legal sufficiency of the evidence, and her second issue challenges the factual sufficiency of the evidence. According to Appellant, the evidence presented failed to link her to the marijuana found in the vehicle. We disagree.

### Standard of Review

In determining the legal sufficiency of the evidence, we view all of the evidence in the light most favorable to the verdict and determine whether, based on the evidence and reasonable inferences therefrom, any rational trier of fact could have found the defendant guilty of the offense beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Lane v. State*, 151 S.W.3d 188, 191-92 (Tex. Crim. App. 2004). In a factual-sufficiency review, however, we view all of the evidence in a neutral light and ask whether the jury was rationally justified in finding guilt beyond a reasonable doubt. *Roberts v. State*, 220 S.W.3d 521, 524 (Tex. Crim. App. 2007); *Watson v. State*, 204 S.W.3d 404, 415 (Tex. Crim. App. 2006).

Evidence is factually insufficient when the evidence supporting the conviction is so weak that the verdict seems clearly wrong and manifestly unjust, or when the evidence supporting the conviction is outweighed by the great weight and preponderance of the contrary evidence so as to render the verdict clearly wrong and manifestly unjust. *Roberts*, 220 S.W.3d at 524. Under either standard, we defer to the jury's determination of the credibility of the witnesses and the weight to be given the testimony. *See Lancon v. State*, 253 S.W.3d 699, 705 (Tex. Crim. App. 2008); *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986).

To prove unlawful possession of a controlled substance, the State was required to prove that: (1) the accused exercised control, management, or care over the substance; and (2) the accused knew the substance possessed was contraband. *Evans v. State*, 202 S.W.3d 158, 161 (Tex. Crim. App. 2006). Regardless of whether the evidence is direct or circumstantial, it must establish that the accused's connection with the drugs was more than just fortuitous. *Id.* Although mere presence at the location where the drugs are found is insufficient, by itself, to establish actual care, custody, or control of the drugs, presence or proximity, when combined with other evidence, either direct or circumstantial (e.g., "links"), may well be sufficient to establish that element beyond a reasonable doubt. *Id.* at 162.

In determining whether sufficient evidence links an accused to the contraband, we consider several factors, including: (1) the accused's presence when a search is conducted; (2) whether the contraband was in plain view; (3) the accused's proximity to and the accessibility of the narcotic; (4) whether the accused was under the influence of narcotics when arrested; (5) whether the accused possessed other contraband or narcotics when arrested; (6) whether the accused made incriminating statements when arrested; (7) whether the accused attempted to flee; (8) whether the accused made furtive gestures; (9) whether there was an odor of contraband; (10) whether other contraband or drug

paraphernalia were present; (11) whether the accused owned or had the right to possess the place where the drugs were found; (12) whether the place where the drugs were found was enclosed; (13) whether the accused was found with a large amount of cash; and (14) whether the conduct of the accused indicated a consciousness of guilt. *Evans*, 202 S.W.3d at 162 n.12. In conducting our review, we are mindful that it is not the number of links that is dispositive, but rather the logical force of all of the evidence, both direct and circumstantial, that links an accused to the drugs. *Id*. at 162.

*Application*

Here, Appellant was present when the search was conducted, the marijuana was found hidden under the backseat, Appellant's position in the car was in close proximity to the concealed drugs, Appellant was alone and in exclusive possession of the vehicle, and her conduct, i.e., nervousness and inconsistent statements, indicated a consciousness of guilt. *See, e.g., Gant v. State*, 116 S.W.3d 124, 131-32 (Tex. App.–Tyler 2003, pet. ref'd) (finding links where appellant was in possession of the vehicle, was present when the drugs were found, and was in close proximity to the drugs); *Menchaca v. State*, 901 S.W.2d 640, 651 (Tex. App.–El Paso 1995, pet. ref'd) (finding appellant's ownership or exclusive possession of the vehicle and nervousness linked him to the contraband); *Hurtado v. State*, 881 S.W.2d 738, 743-44 (Tex. App.–Houston [1st Dist.] 1994, pet. ref'd) (finding links where appellant was the driver and sole occupant of the car, the contraband, which was underneath the passenger seat, was accessible by him, and appellant was nervous and exhibited unusual conduct). Additionally, a large and valuable amount of marijuana was found, appraised between $12,530 and $15,662. *See Willis v. State*, 192 S.W.3d 585, 593 (Tex. App.–Tyler 2006, pet. ref'd); *Robinson v. State,* 174 S.W.3d 320, 328-29 (Tex. App.–Houston [1st Dist.] 2005, pet. ref'd) (cases finding link when a large and valuable amount of contraband was found). After reviewing

the evidence in the light most favorable to the verdict, we believe there was legally sufficient evidence from which the jury could find, beyond a reasonable doubt, that Appellant exercised care, custody, control, or management over the marijuana and knew that the substance she possessed was marijuana. Appellant's first issue is overruled.

Further, after reviewing all of the evidence in a neutral light, we do not believe that the evidence was factually insufficient. Although Appellant claimed the car belonged to her boyfriend and that she first drove the car on March 12, 2008, the jury, as the sole judge of the credibility of the witnesses, could have chosen to disbelieve Appellant, especially when the evidence tended to show that she gave inconsistent statements to each officer about where she was coming from. *See Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (stating that the appellate courts, in conducting a sufficiency analysis, should defer to the "responsibility of the trier of fact to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts"). Appellant also argues that her nervous behavior was but a tenuous link. Although nervousness may be a tenuous link as "most people are somewhat nervous when confronted by a police officer," *Jenkins v. State*, 76 S.W.3d 709, 713 n.3 (Tex. App.–Corpus Christi 2002, pet. ref'd), we believe the "logical force of all of the evidence" sufficiently links Appellant to the drugs. *See Evans*, 202 S.W.3d at 162 (holding it is "not the number of links that is dispositive, but rather the logical force of all of the evidence"). Lastly, Appellant notes that she only had $20 cash on her person, which is not a large amount. However, pointing out a possible link that was not established does not negate the other links that were established. *See Lair v. State*, 265 S.W.3d 580, 588 (Tex. App.–Houston [1st Dist.] 2008, pet. ref'd) ("Further possible links that do not exist, however, do not negate the links that are present."). Accordingly, we find the evidence factually sufficient to support the jury's findings that Appellant exercised care, custody, control, or management over the marijuana

and knew the substance she possessed was marijuana. Appellant's second issue is overruled.

## EXTRANEOUS OFFENSES

Appellant's third issue asserts that the trial court erred by admitting extraneous offenses in violations of Rules 403 and 404(b) when the State's proffered evidence through Officer Martinez's testimony and the documents he examined, i.e., the title and bill of sale for the car, which suggested that she committed two other crimes, namely, possession of fraudulent papers and driving a stolen car. The State responds that Appellant's complaints are not preserved for our review. We agree.

*Underlying Facts*

After Officer Martinez testified that Appellant provided a title and bill of sale for his inspection, Appellant asked to approach the bench. According to Appellant, the prosecutor was attempting to "get into an extraneous offense" of which she was not provided notice. The prosecutor replied that Appellant was referring to whether the car was stolen, and Appellant agreed that was what she was alluding to and objected under Rule 403. However, the prosecutor argued that whether the car was stolen was not an extraneous offense but part of the facts of the case and constituted same transactional, contextual evidence. The trial court noted that the evidence was simply a factor, among the multiple others discussed, that the officer considered in determining whether further investigation was necessary and overruled the objection. Officer Martinez then testified that he found the documents "odd" because the vehicle was a 1998 Mustang and the title was dated 1991, and the bill of sale was dated 1994. He did not refer to the documents as fraudulent or testify that based on those documents, he believed the car was stolen. When the State then proffered the documents for admission, Appellant objected again under Rules 401 and 403. The trial court overruled the objections, noting that it was "reiterat[ing] its prior ruling under [Rule] 403," and admitted the documents. Later, when the prosecutor proffered Appellant's statement, which

acknowledged that she did not know that the car was stolen, Appellant raised no objections. Similarly, when Appellant testified, she denied knowing that the car was stolen or that the car's papers were "fake."

*Law*

To preserve a complaint for appellate review, the complaining party must raise her objection before the trial court and obtain an adverse ruling thereon. *See* TEX. R. APP. P. 33.1(a). Moreover, that party must object each time the objectionable evidence is offered. *Fuentes v. State*, 991 S.W.2d 267, 273 (Tex. Crim. App.), *cert. denied*, 528 U.S. 1026, 120 S.Ct. 541, 145 L.Ed.2d 420 (1999); *Ethington v. State*, 819 S.W.2d 854, 858-59 (Tex. Crim. App. 1991). Further, even if a trial court errs in admitting evidence, that error is cured when the same evidence is admitted elsewhere without objection. *See Leday v. State*, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998).

*Application*

Here, Appellant never objected to the admission of the documents on grounds that they constituted an extraneous offense for possession of fraudulent documents. Rather, she objected that those documents suggested another extraneous offense, that is, that she was driving a stolen car. As Appellant's fraudulent-possession complaint was never presented to the trial court, we find that she has not preserved that issue for our review. *See Goff v. State*, 931 S.W.2d 537, 551 (Tex. Crim. App. 1996) (finding error not preserved when "Appellant's trial objections in no way specifically alerted the trial judge to the alleged error of which he now complains"); *Schultze v. State*, 177 S.W.3d 26, 41 (Tex. App.–Houston [1st Dist.] 2005, pet. ref'd) (complaint on appeal must comport with the objection made at trial). Further, although Appellant objected under Rule 403 that the alleged stolen-car extraneous testimony was inadmissible when the title and bill of sale were admitted into evidence, she failed to object when the same evidence was admitted by her written

statement and live testimony. Thus, Appellant has failed to preserve her stolen-car complaint for our review. *See Fuentes*, 991 S.W.2d at 273; *Ethington*, 819 S.W.2d at 858-60 (cases finding error not preserved when appellant failed to object each time the objectionable evidence was offered). Finally, even if the documents could be interpreted as extraneous offenses and the trial court erred by overruling Appellant's objections to the same – an issue we do not reach – because the same evidence came in through Appellant's written statement and testimony without objection, any error was cured. *See Leday*, 983 S.W.2d at 718; *Meza v. State*, 153 S.W.3d 238, 241 (Tex. App.–El Paso 2004, no pet.) (overruling of an objection to evidence is not reversible when other such evidence was admitted without objection). Accordingly, we overrule Appellant's third issue.

## PROBATION CONDITION

Appellant's fourth and final issue challenges a condition of her probation. Specifically, Appellant asserts that the trial court's condition that she not visit Mexico is unreasonable. However, Appellant never objected to this condition when her probation was imposed, nor did she attempt to file a motion to modify her probation conditions, asserting that the travel restriction to Mexico was unreasonable. Having never complained to the trial court of the condition, she may not challenge it for the first time on appeal. *See Speth v. State*, 6 S.W.3d 530, 534 (Tex. Crim. App. 1999); *Meza*, 153 S.W.3d at 242 (cases holding appellant may not complain about conditions of probation for the first time on appeal). Appellant's fourth issue is overruled.

## CONCLUSION

Having overruled Appellant's issues, we affirm the trial court's judgment as reformed.


GUADALUPE RIVERA, Justice

May 28, 2010

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)