**IN RE COLLIN COUNTY, Texas, County Commissioners, Relators**

**No. 05-17-00634-CV, No. 05-17-00635-CV, No. 05-17-00636-CV**

Court of Appeals of Texas, Dallas.

Opinion Filed August 21, 2017

**809**

Philip H. Hilder, Hilder & Associates, P.C., 819 Lovett Blvd., Houston TX 77006-3905, Dan Lamar Cogdell, Cogdell Law Firm, L.L.C., 402 Main Street, Fourth Floor, Houston TX 77002, Heather J. Barbieri, Barbieri Law Firm, P.C., 1400 Gables Court, Plano TX 75075, J. Mitchell Little, Scheef & Stone, L.L.P., 2600 Network Blvd., Suite 400, Frisco TX 75034, Paul Creech, Q. Tate Williams, Terri Hammond Moore, Terri Moore, 300 Burnett Street, Suite 160, Ft. Worth TX 76102-3428, William B. Mateja, Polsinelli, P.C., 2950 N. Harwood, Ste 2100, Dallas TX 75201-7321, for Real party in interest Warren Kenneth Paxton, Jr.

Kent A. Schaffar, Bires Schaffer & DeBorde, 712 Main Street, Suite 2400, Houston TX 77002-3215, Brian W. Wice, Attorney at Law, 440 Louisiana St., Suite 900, Houston TX 77002-1635, Nicole W. DeBorde, for Real party in interest The State of Texas.

Clyde Moody Siebman, Siebman Burg Phillips & Smith, LLP, 300 N. Travis St., Bryan Burg, Siebman, Burg, Phillips & Smith, LLP, 4949 Hedgcoxe Rd, Suite 230, Plano TX 75024, for Relator.

Before Justices Francis, Brown, and Schenck

### OPINION

Opinion by Justice Francis

In this original proceeding, the Collin County Commissioners Court seeks a writ of mandamus compelling the trial court to vacate an order for payment of attorney's fees. Because we conclude the order requiring payment is void, we grant the relief requested.

This is the fifth appeal or original proceeding regarding an order of payment of attorney's fees in these cases. *See Blackard v. Schaffer*, No. 05-17-00094-CV, 2017 WL 2493279 (Tex. App.—Dallas June 9, 2017, no pet.) (mem. op.); *Blackard v. Schaffer*, No. 05-16-00408-CV, 2017 WL 343597 (Tex. App.—Dallas Jan. 18, 2017, pet. filed) (mem. op.); *In re Blackard*, No. 05-16-00470-CV, 2016 WL 1756843 (Tex. App.—Dallas Apr. 29, 2016, orig. proceeding) (mem. op.); *In re Blackard*, No. 05-16-00478-CV, 2016 WL 1756786 (Tex. App.—Dallas Apr. 29, 2016, orig. proceeding) (mem. op.). This is the first time, however, that the Collin County Commissioners Court has sought relief. Although the procedural history of these cases is complicated, the facts relevant to this particular proceeding are straightforward.

The Collin County Criminal District Attorney recused his office from all matters involving the *State of Texas v. Warren Kenneth Paxton, Jr.*, Case Nos. 416-81913-2015, 416-82148-2015, and 416-82149-2015, in the 416th Judicial District Court (the Paxton cases). Judge Scott Becker, the Local Administrative Judge of Collin County, appointed Kent A. Schaffer, Brian W. Wice, and Nichole DeBorde to serve as criminal district attorneys pro tem in those cases. *See* TEX. CODE CRIM. PROC. ANN. art.

2.07(a) (West 2005). Judge Becker agreed to pay each attorney a fee of $300 an hour for his or her professional services.

Under article 2.07(c) of the Texas Code of Criminal Procedure, an attorney pro tem is entitled to receive compensation in the same amount and manner as an attorney appointed to represent an indigent person. *Id.* art. 2.07(c). Compensation for appointed attorneys is governed by article 26.05 of the code. TEX. CODE CRIM. PROC. ANN. art. 26.05 (West Supp. 2016). Article 26.05 states that all compensation "shall be paid in accordance with a schedule of fees adopted by formal action of the judges of the county courts, statutory county courts, and district courts trying criminal cases in each county." *Id.* art. 26.05(b). The article further requires that "[e]ach fee schedule adopted shall state reasonable fixed rates or minimum and maximum hourly rates, taking into consideration reasonable and necessary overhead costs and the availability of qualified attorneys willing to accept the stated rates. . . ." *Id.* art. 26.05(c). Compensation payments are made from the general funds of the county in which the prosecution was instituted. *Id.* art. 26.05(f).

As required by article 26.05, the judges of the district courts trying criminal cases in Collin County adopted local rules relating to the appointment and compensation of appointed counsel in felony cases. At all times relevant to this proceeding, section 4.01 of the local rules stated:

> A. The District Judges adopt, pursuant to Article 26.05 Tex. Code of Crim. Proc., a fee schedule for appointed attorneys, attached hereto as "Fee Schedule for Appointed Attorneys."
>
> B. The judge presiding over a case may authorize payment to appointed counsel that varies from the fee schedule in unusual circumstances or where the fee would be manifestly inappropriate because of circumstances beyond the control of the appointed counsel.

The fee schedule adopted under rule 4.01A provides, in part, that "[i]n all felony cases, except as hereafter provided, counsel shall be paid according to the . . . fee schedule, without exception," at the hourly rate of $150 for death penalty pleas, the hourly rate of $100 for capital non-death penalty pleas, a fixed fee of $1,000 for first-degree felony pleas, a fixed fee of $750 for second-degree felony pleas, a fixed fee of $500 for third-degree and state jail felony pleas, a fixed fee of $250 for pleas in other cases, a fixed fee of $1,000 for pre-trial preparation, and a fixed fee of $500 for each one-half day of trial. The fee schedule also provides for three categories of discretionary adjustments; as relevant in these cases, the presiding judge is given discretion to adjust the fee upward in an amount not to exceed $1,000.

Judge Becker apparently relied on section B of rule 4.01 when he reached the fee agreement with the attorneys pro tem. In accordance with that agreement, on December 11, 2015, the attorneys pro tem submitted interim requests for compensation totaling $254,908.85 for pre-trial work, which included $242,025 of attorney's fees based on a rate of $300 per hour. Judge George Gallagher approved the requests and, on January 6, 2016, signed an order of payment.[1] The order referenced local rule 4.01B and provided that "payment of attorneys [sic] fees to Attorneys Pro Tem in these causes shall deviate from the fee schedule and each attorney shall be paid the amount in the hourly rate ordered to

---

1. Judge Gallagher, a district court judge in Tarrant County, was assigned to the Paxton cases after the district judges in Collin County recused themselves from all matters involving these cases.

be paid in the Appointed Counsel Request for Compensation as submitted by the respective Attorney Pro Tem and as approved by the Court." The order further included, "This Order shall be enforceable by all sanctions available to the Court...." The order was presented to the Collin County Auditor, who submitted it to the Commissioners Court for approval. At its January 11 meeting, the Commissioners Court approved the fee payments by a three-to-two vote. The attorneys were paid the full amount.

One year later, on January 4, 2017, Judge Gallagher signed the "Second Order on Payment of Attorney's Fees to Attorneys Pro Tem" approving a second set of interim requests for pre-trial compensation. The requests included $199,575 in attorney's fees billed at $300 per hour. The language of the second order was essentially identical to that of the first order and, again, the order was presented to the auditor who submitted it to the Commissioners Court for approval. This time, however, the commissioners rejected the requests for compensation and filed this petition for writ of mandamus to compel the trial court to vacate the second payment order.

The commissioners' petition was prompted, at least in part, by the fact that Collin County has already paid the attorneys pro tem in the Paxton cases far more than the amounts set out as reasonable in the Fee Schedule for Appointed Attorneys adopted by the Collin County district court judges. Again, payment of the attorney's fees was ordered on penalty of sanctions. In their petition, the commissioners contend, among other things, that both the payment order and rule 4.01B violate arti-

cle 26.05 of the code of criminal procedure, rendering the payment order void.[2] Article 26.05 clearly requires district court judges to adopt a schedule of reasonable fees for appointed attorneys and to pay the appointed attorneys according to that schedule. We must decide whether the district court judges exceeded the authority granted them in article 26.05 by adopting rule 4.01B, which allows them to decide on an individual basis not to apply the fee schedule in a particular case.

Generally, the legislature may delegate the power to establish rules, regulations, or minimum standards reasonably necessary to carry out the expressed purpose of a legislative act. *See Ex parte Granviel*, 561 S.W.2d 503, 514 (Tex. Crim. App. 1978). Delegation of rule-making authority by the legislature may involve the exercise of discretion, but that discretion must be exercised within the standards formulated for guidance on the matter being regulated. *See Ex parte Smalley*, 156 S.W.3d 608, 610 (Tex. App.—Dallas 2004), *pet. dism'd*, 173 S.W.3d 71 (Tex. Crim. App. 2005). We presume a rule is valid unless the party challenging it can show the rule: (1) contravenes specific statutory language; (2) runs counter to the general objectives of the statute; or (3) imposes additional burdens, conditions, or restrictions in excess of or inconsistent with the relevant statutory provisions. *See Tex. State Bd. of Exam'rs of Marriage & Family Therapists v. Tex. Med. Ass'n*, 511 S.W.3d 28, 33–34 (Tex. 2017).

Article 26.05 of the code of criminal procedure is part of the Texas Fair Defense Act. *See* TEX. CODE CRIM. PROC. ANN. art. 1.051 (West Supp. 2016).[3] The purpose

---

**2.** In the most recent version of the local rules, the district court judges removed rule 4.01B. The new rules affect only indictments and

motions to revoke filed on or after March 1, 2017.

**3.** *See* Act of May 24, 2001, 77th Leg. R.S., ch. 906, § 1, 2001 Tex. Gen. Laws 1800, 1800

of the Fair Defense Act is to ensure that appropriate standards for appointment of counsel in criminal cases are developed and maintained. *See Ex parte Graves*, 70 S.W.3d 103, 115 n.51 (Tex. Crim. App. 2002). Article 26.05 mandates that appointed counsel be paid a "reasonable attorney's fee" for services performed. TEX. CODE CRIM. PROC. ANN. art. 26.05(a). The article further requires the judges of courts trying criminal cases to adopt a fee schedule that "shall state reasonable fixed rates or minimum and maximum hourly rates." *Id.* art. 26.05(b), (c). By requiring the judges to set both minimum *and* maximum hourly rates, it is clear the legislature was concerned not only with attorneys receiving a fair rate of payment, but also with counties not being forced to pay excessive fees. *Cf. Smith v. Flack*, 728 S.W.2d 784, 790 (Tex. Crim. App. 1987) (orig. proceeding) (former statute did not set maximum fee, leaving fee amount above minimum to individual judge's discretion).

In delegating the task of collectively establishing either a flat rate or range of hourly fees, the legislature gave the judges in this State broad authority, as evidenced by the absence of statutory minimum *or* maximum amounts for hourly rates, to create a schedule of fees that reflects the customary and reasonable fees in their jurisdiction. Article 26.05 was substantially revised in 1987 to eliminate a mandatory fee schedule set by the legislature and to require the county and district criminal

court judges to adopt their own fee schedules. *See Hester v. State*, 859 S.W.2d 95, 98 (Tex. App.—Dallas 1993, no pet.). By doing so, the legislature recognized that the judges of each county are in the best position to determine the reasonable fee rates to be applied in their jurisdiction. And while the legislature enacted no monetary fee limits, it did provide that judges should consider certain factors when setting the fee schedule, including overhead costs and the availability of qualified attorneys willing to accept the stated rates. *See* TEX. CODE CRIM. PROC. ANN. art. 26.05(c). The statute does not prevent the judges from taking into consideration the possibility of "unusual circumstances" in setting the *range* of reasonable fees allowed. But the legislature intended each county to have an agreed framework that sets out the specific range of reasonable fees that could be paid. *Id.*[4]

Here, although the Collin County district court judges adopted a fee schedule as mandated by article 26.05, they also adopted rule 4.01B, allowing individual judges the discretion to disregard the previously determined schedule and set fees in any amount. The plain language of article 26.05, however, limits the judges' authority to only setting a fee schedule. *See id.* art. 26.05(c). The statute does not permit the judges to expand on that authority by adopting what is essentially an "opt out" provision allowing a judge to individu-

---

(providing that 2001 revisions to article 1.051 may be known as the Texas Fair Defense Act).

4. The statute, enacted in 1965, has been revised numerous times. As can be seen through the relevant amendments, it has evolved from one in which the legislature dictated minimum and maximum amounts, *see* Act of June 18, 1965, 59th Leg., R.S., ch. 722, 1965 Tex. Gen. Laws 317, 425, to the legislature setting only a minimum amount to be paid, *see* Act of May 26, 1971, 62nd Leg., R.S., ch. 520, § 1, 1971 Tex. Gen. Laws 1777, to the legislature

delegating to the criminal judges the task of setting a fee schedule that "include[d]" a fixed rate, minimum and maximum hourly rates, and daily rates, *see* Act of May 30, 1987, 70th Leg., R.S., ch. 979, § 3, 1987 Tex. Gen. Laws 3321, 3323, to the current version, which provides the schedule "shall state reasonable fixed rates or minimum and maximum hourly rates ..," *see* Act of May 17, 2001, 77th Leg., R.S., ch. 906, § 8, 2001 Tex. Gen. Laws 1800, 1807.

ally set a fee rate that falls outside the range of what has been collectively agreed to as reasonable. The statute's legislative history supports this conclusion as article 26.05 was amended in 2001 to require the fee schedule "state" rather than merely "include" reasonable fixed rates or minimum and maximum hourly rates. *See* Senate Comm. on Criminal Justice, Bill Analysis, Tex. S.B. 7, 77th Leg., R.S. (2001). Rule 4.01B thwarts what we perceive to be the objectives of the statute, which are to ensure by means of a duly adopted schedule that (1) appointed attorneys—in this case the prosecutors pro tem—are paid a fair, but not excessive, fee and (2) the commissioners court, which is tasked with the responsibility of settling and directing payments of accounts against the county, can more accurately project the expenses of a fiscal year and budget accordingly. By adopting local rule 4.01B, the Collin County judges partially abdicated to the individual judges the responsibility delegated to them collectively to determine the reasonable fee for appointed counsel and rendered illusory the legislative requirement of setting and applying a fee schedule.

We acknowledge and respect the inherent power afforded the trial judges of this State to take certain actions to ensure the proper functioning of their courts. Trial judges must be able to evaluate, address, control, and effectively process the many cases assigned to their courts on a daily basis. This includes the responsibility of appointing qualified, experienced attorneys who possess the skills necessary to do the job required, while at the same time fully recognizing the attorneys appointed will likely be paid a fee much less than a retained attorney would command. The complexity of these cases can vary greatly, from misdemeanor pleas to death penalty trials. In rare circumstances, the cases can take on a life of their own, consuming much of the attorney's time, to the detriment of other cases, or perhaps require a specialized knowledge for the prosecution or defense. So it is not surprising that many Texas counties follow fee schedules containing the same "unusual circumstances" language of rule 4.01B and, from the dearth of litigation on the issue, clearly the provision functions without controversy—until it doesn't. And it did not here.

But limiting the scope of the fees that may be paid to an appointed attorney does not eliminate the discretion of the individual trial judge, regardless of the simplicity or complexity of the case. *See Hester*, 859 S.W.2d at 97. Each judge trying criminal cases participates in the creation of the fee schedule. *See* Tex. Code Crim. Proc. Ann. art. 26.05(b). If the judges collectively choose to adopt a range of hourly fees, each judge has discretion within that range to set the fee in an individual case, taking into account the time and labor required, the complexity of the case, and the experience and ability of the appointed counsel. *Id.* art. 26.05(a). After the fee has been set in an individual case, the judge is free to disapprove the payment request as not being reasonable if he concludes the work performed by the attorney does not support the total amount of fees requested. *Id.* art. 26.05(c); *see also In re Perkins*, 512 S.W.3d 424, 432 (Tex. App.—Corpus Christi 2016, orig. proceeding).

After examining the language of article 26.05 and considering the clear objectives of that statute, we conclude the criminal district court judges exceeded the authority delegated to them under 26.05 by adopting local rule 4.01B. Article 26.05 mandates that attorney's fees be paid according to a schedule. Both rule 4.01B and Judge Gallagher's second order of payment contradict this mandate. The judges exceeded their authority in adopting rule 4.01B. *See Tex. Fire & Cas. Co. v. Harris Cty. Bail Bond Bd.*, 684 S.W.2d 177, 179 (Tex. App.—

Houston [14th Dist.] 1984, writ ref'd n.r.e.) (invalidating bail bond board's local rule that imposed additional and conflicting burdens from those provided by statute). Consequently, Judge Gallagher's second order of payment, which relies on rule 4.01B and deviates from the mandated fee schedule, is void. *See State Bd. of Ins. v. Betts*, 158 Tex. 612, 315 S.W.2d 279, 282 (1958) (orig. proceeding) (concluding order in contravention of valid statutory enactment is void); *State ex rel. Bryan v. McDonald*, 642 S.W.2d 492, 494 (Tex. Crim. App. 1982) (orig. proceeding) (granting mandamus relief after determining judge's order of shock probation was in conflict with statute, leaving judge without jurisdiction and rendering order void).

Having determined the second order of payment is void, we now address the appropriateness of mandamus relief. The Texas Constitution provides that a commissioners court "shall exercise such powers and jurisdiction over all county business, as is conferred by this Constitution and the laws of the State, or as may be hereafter prescribed." Tex. Const. art. V, § 18(b). The legislature thereafter provided that each commissioners court of a county shall audit and settle all accounts against the county and shall direct the payment of those accounts. Tex. Loc. Gov't Code Ann. § 115.021 (West 2008).

 Mandamus is intended to be an extraordinary remedy, available only in limited circumstances. *Smith*, 728 S.W.2d at 792; *see Holloway v. Fifth Court of Appeals*, 767 S.W.2d 680, 684 (Tex. 1989) (orig. proceeding). Typically, mandamus relief is appropriate only where the trial court has failed to perform a ministerial act and a party has no adequate remedy by appeal. *Smith*, 728 S.W.2d at 792. But, if an order is void, the relator need not show it does not have an adequate appellate remedy, and mandamus relief is appropriate. *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding); *In re State ex rel. Robinson*, 116 S.W.3d 115, 117 (Tex. App.—Houston [14th Dist.] 2002, orig. proceeding).

 The attorneys pro tem contend mandamus relief is not appropriate in this case because Judge Gallagher relied on what he presumed was a valid local rule when he issued the payment order. They argue his action could not have been an abuse of discretion where there was no existing authority declaring rule 4.01B invalid. *See In re Allen*, 462 S.W.3d 47, 53 (Tex. Crim. App. 2015) (orig. proceeding), *abrogated on other grounds by Petetan v. State*, No. AP-77, —— S.W.3d ——, 2017 WL 915530 (Tex. Crim. App. Mar. 8, 2017). While it is true in a criminal case that mandamus relief may not be appropriate if the law surrounding a court's action is unclear, an issue of first impression can qualify for mandamus relief where the principle of law on which the relator relies is "positively commanded and so plainly prescribed under the law as to be free from doubt." *See In re Medina*, 475 S.W.3d 291, 298 (Tex. Crim. App. 2015) (orig. proceeding). We note that the court of criminal appeals has previously concluded that granting mandamus relief based on a construction of article 26.05 was appropriate. *See Smith*, 728 S.W.2d at 792–94.

The law at issue in this case plainly prescribes that all payments made to appointed attorneys in criminal cases be "paid in accordance with a schedule of fees" that includes fixed rates or minimum and maximum hourly rates. Tex. Code Crim. Proc. Ann. art. 26.05(a), (c). Judge Gallagher had no authority to order payment of fees in violation of article 26.05. Where a trial judge lacks authority to take a particular action, he has a ministerial duty to refrain from taking that action, to reject or overrule requests that he take

such action, and to undo the action if he has already taken it. *See Medina,* 475 S.W.3d at 298.

We conclude mandamus relief is appropriate in this case. Based on our resolution of the issues discussed above, it is unnecessary for us to address relators' remaining arguments. We conditionally grant relators' petition for writ of mandamus. We order Judge Gallagher to vacate the Second Order on Payment of Attorney's Fees to Attorneys Pro Tem. *Cf. In re Darling Homes,* No. 05-05-00497-CV, 2005 WL 1390378, at *4 (Tex. App.—Dallas June 14, 2005, orig. proceeding) (mem. op.) (ordering judge who no longer has jurisdiction over case to vacate void order).[5] A writ will issue only if Judge Gallagher fails to comply.

---

**5.** On June 9, 2017, Judge Gallagher signed an order directing the Collin County District Clerk to transfer the cases to Harris County in accordance with our opinion conditionally granting a writ of mandamus on the issue. *See In re Paxton,* Nos. 05-17-00508-CV, 05-17-00509-CV, —— S.W.3d ——, ——, 2017 WL 2334242, at *5 (Tex. App.—Dallas May 30, 2017, orig. proceeding). A Harris County district judge is now presiding over these cases.