

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-86,920-02

### IN RE STATE OF TEXAS EX REL. BRIAN W. WICE, Relator

### v.

### THE FIFTH JUDICIAL DISTRICT COURT OF APPEALS, Respondent

### ON APPLICATION FOR A WRIT OF MANDAMUS
### CAUSE NOS. 05-17-00634-CV, 05-17-00635-CV, & 05-17-00636-CV
### TO THE FIFTH COURT OF APPEALS
### COLLIN COUNTY

**WALKER, J., filed a dissenting opinion.**

### <u>DISSENTING OPINION</u>

Today, the Court, in not granting mandamus relief to Relator, effectually upholds the decision of the court of appeals to issue a writ of mandamus in favor of the Collin County Commissioners Court. In my opinion, the scope of that writ of mandamus was far broader than what the Commissioners Court was entitled to and should have received. Instead of simply giving the Commissioners Court the full extent of what it asked for—wholesale vacatur of the trial court's order of payment of attorney's fees—the court of appeals's writ of mandamus should have been

circumscribed to provide appropriate relief. Providing mandamus relief of a more limited scope than what is asked for is sometimes appropriate. *E.g.*, *State ex rel. Mau v. Third Court of Appeals*, No. WR-87,818-01, — S.W.3d —, 2018 WL 5623985 at *1 (Tex. Crim. App. Oct. 31, 2018) (in which this Court granted, with three Judges concurring, mandamus relief, but of a more limited scope than that requested).[1] Furthermore, the prayer in this case not only asked for vacatur of the order, but also asked for whatever other relief was appropriate. Therefore, limiting the scope of mandamus relief was authorized by the prayer itself. The Commissioners Court was entitled to, at most, a writ of mandamus directing the trial court to amend its payment order. The Commissioners Court was not entitled to vacatur of the payment order, and the scope of the court of appeals's writ is not appropriate. Because our decision today does not grant mandamus relief to Relator, I dissent.

## I — Appropriate Relief

In its application for writ of mandamus filed with the court of appeals, the Collin County Commissioners Court prayed for the following relief:

> Collin County and its Commissioners Court pray that this Court [the court of appeals] issue a writ of mandamus and vacate the district court's order. Collin County prays for such other and further relief, at law or in equity, to which Collin County and its Commissioners Court may be justly entitled.

Pet. for Writ of Mandamus and Order that Second Order is Void 34, *In re Collin County*, 528 S.W.3d 807 (Tex. App.—Dallas 2017) (Nos. 05-17-00634-CV, 05-17-00635-CV, 05-17-00636-CV). The court of appeals granted the full scope of the relief sought:

> We conditionally grant relators' petition for writ of mandamus. We order Judge

---

[1] Texas courts have long declined to follow an "all-or-nothing" approach to the relief requested in applications for writs of mandamus. Instead, a relator may be awarded less relief than demanded if he has shown what portion of the whole he is entitled to. *Vanliner Ins. Co. v. Tex. Workers' Comp. Comm'n*, 999 S.W.2d 575, 579 (Tex. App.—Austin 1999, no pet.); *City of Austin v. Cahill*, 88 S.W. 542, 550 (Tex. 1905).

Gallagher to vacate the Second Order on Payment of Attorney's Fees to Attorneys Pro Tem.

*In re Collin County*, 528 S.W.3d at 815. As I explain below, vacatur of the Second Order was excessive. Instead, the court of appeals should have ordered Judge Gallagher to modify or amend the Second Order.

The problem with vacating the payment order is that it results in no payment whatsoever to Relator and the other attorneys pro tem. It is undisputed that the attorneys pro tem provided services. Indeed, the trial court compensated them for their services under the first order, and he attempted to compensate the attorneys pro tem for additional services through the Second Order. Those services were documented with the Second Order. *See* Collin County Commissioners Court's Resp. to Relator's Pet. for Writ of Mandamus, App. Tab 2. Yet, by vacating the Second Order, the services provided will go uncompensated.

Although some may dismiss this concern as an unfortunate consequence of an improper order which should not have been ordered in the first place, I must point out that payment of attorneys pro tem is unquestionably required by the statutory scheme involved in this case. Article 2.07 of the Code of Criminal Procedure, providing for attorneys pro tem in the first place, requires that they be paid: "[an appointed attorney pro tem] *shall receive compensation* in the same amount and manner as an attorney appointed to represent an indigent person." TEX. CODE CRIM. PROC. Ann. art. 2.07(c) (emphasis added). Article 26.05 provides, in part:

> (a) A counsel, other than an attorney with a public defender's office or an attorney employed by the office of capital and forensic writs, appointed to represent a defendant in a criminal proceeding, including a habeas corpus hearing, *shall be paid a reasonable attorney's fee for performing the following services, based on the time and labor required, the complexity of the case, and the experience and ability of the appointed counsel*:

(1) time spent in court making an appearance on behalf of the defendant as evidenced by a docket entry, time spent in trial, and time spent in a proceeding in which sworn oral testimony is elicited;

(2) reasonable and necessary time spent out of court on the case, supported by any documentation that the court requires;

(3) preparation of an appellate brief and preparation and presentation of oral argument to a court of appeals or the Court of Criminal Appeals; and

(4) preparation of a motion for rehearing.

(b) All payments made under this article shall be paid in accordance with a schedule of fees adopted by formal action of the judges of the county courts, statutory county courts, and district courts trying criminal cases in each county. On adoption of a schedule of fees as provided by this subsection, a copy of the schedule shall be sent to the commissioners court of the county.

(c) Each fee schedule adopted shall state reasonable fixed rates or minimum and maximum hourly rates, taking into consideration reasonable and necessary overhead costs and the availability of qualified attorneys willing to accept the stated rates, and shall provide a form for the appointed counsel to itemize the types of services performed . . . .

*Id.* art. 26.05(a)–(c) (emphasis added).

I read article 26.05 as structured like many statutes. It begins with what is the primary purpose of the statute, and then it includes other provisions that provide a framework to meet that primary purpose. Therefore, I believe that the primary purpose of article 26.05 is to ensure that appointed attorneys are paid reasonable fees based on the time and labor required, the complexity of the case, and the experience and ability of the appointed attorneys, as reflected by article 26.05(a). Subsections (b) and (c) are provisions that provide a framework to effectuate the primary purpose of the statute. The court of appeals ordered the trial court to vacate the Second Order on Payment, effectively dropped the payment to Relator and the attorneys pro tem from approximately $200,000 to zero. This result is a most egregious violation of the primary purpose of article 26.05.

To determine the appropriate level of mandamus relief in a case like this one, courts should look to the law to determine what the trial judge's clear duty must be. If there are multiple bodies of law that appear to conflict, the primary, controlling law should be followed, and the less applicable law serves to provide guidance to the extent that it does not conflict with or negate the primary law. In this case, there is no doubt that the statutes of the State of Texas take precedence over the local rules of Collin County. Article 26.05 was passed by an Act of the Legislature and approved by the Governor, whereas the local rules of Collin County were written and approved by the judges of Collin County. Therefore, the court of appeals's job was to grant mandamus relief that would, first and foremost, follow the duties of the individual judges as set out by article 26.05. The local rules serve as guidance so long as they do not conflict with article 26.05.

On the whole, the statutory scheme is entirely concerned with making sure that appointed counsel is paid a reasonable fee. How much an attorney pro tem, including Relator and the attorneys pro tem in this case, should be paid may be up for debate, but the requirement that they be paid a reasonable fee is undeniable. The use of the words "shall be paid a reasonable fee" is proof positive of that fact.

In contrast to article 26.05(a)'s demand, article 26.05(b)'s duty—to pay appointed counsel in accordance with the fee schedule—was not violated. Even though the disputed payment order relied upon Local Rule 4.01(B), that rule was incorporated, by reference, into the fee schedule. The fee schedule in effect at the time began with:

> In all felony cases, except as hereafter provided, counsel shall be paid according to the following fee schedule, without exception, *except as provided for in Section 4.01(B)*:

(emphasis added). By this emphasized language, the fee schedule incorporated Local Rule 4.01(B),

and the rule's provision for departure from the fixed rates, without limitation, became a part of the fee schedule. *See Jaubert v. State*, 74 S.W.3d 1, 2–3 (Tex. Crim. App. 2002) (Tex. Code Crim. Proc. art. 37.07 § 3(g) incorporates, by reference, Tex. R. Evid. 404(b)'s provision limiting notice to State's case-in-chief evidence); *Green v. State*, 799 S.W.2d 756, 760 (Tex. Crim. App. 1990) (when search warrant incorporates by reference a supporting affidavit, the affidavit becomes a part of and can be used to aid the description in the warrant); *see also In re 24R, Inc.*, 324 S.W.3d 564, 567 (Tex. 2010) ("Documents incorporated into a contract by reference become part of that contract."). Thus, although the trial court's payment order was premised on Collin County Local Rule 4.01(B), which the Court finds invalid for failing to include reasonable fixed rates or minimum and maximum hourly rates, the order itself did not violate article 26.05(b) because that rule was a part of the fee schedule as what I consider to be an "exceptional circumstances clause."

Additionally, article 26.05(c), the provision which is violated in this case, is not directed toward the judge who is being asked to order payment of fees. To the contrary, article 26.05(c) is directed towards the group of judges who are in the process of creating fee schedules. It prescribes the requirements that they are to abide by while drafting the payment structures for the provision of indigent defense in their counties. Consequently, in this case, Judge Gallagher had no duties directly imposed by article 26.05(c).

Thus, when it comes to the actual payment of attorneys pro tem, it seems obvious that article 2.07 and article 26.05(a) take higher precedence than article 26.05(c). That is not to say that article 26.05(c) is wholly irrelevant. As the Court decides today, a trial court faced with payment of attorney's fees based on a fee schedule which fails to meet the requirements of article 26.05(c) is under a duty to avoid making an order based on said invalid schedule. But said invalidity does not

vitiate the importance of paying counsel a reasonable fee as mandated by article 26.05(a).

Ultimately, then, placing article 26.05(c)'s requirement of reasonable fixed rates or minimum and maximum hourly rates to such a high regard that it would override the greater statutory concern, which intends both indigent counsel and attorneys pro tem to be paid a reasonable fee, creates a result that I do not agree with. The proper solution that the court of appeals should have arrived at is not to vacate the Second Order, as was requested by the Commissioners Court. Instead, the court of appeals should have granted, as "such other and further relief, at law or in equity, to which Collin County and its Commissioners Court may be justly entitled," a writ of mandamus ordering the trial court to modify or amend the Second Order to provide for appropriate payment. No payment at all is too much relief. As the expression goes, two wrongs don't make a right. Relator and his fellow attorneys pro tem are entitled to compensation for their services rendered. While it is true that the Second Order on Payment of Attorney's Fees had an invalid basis, it is also true that the payment must comply with article 26.05(a). It must be reasonable.

## II — A Side Note on Exceptional Circumstances ("Opt-Out") Provisions

Finally, I believe it is important to emphasize that the Court's holding today, finding the exceptional circumstances provision in the Collin County fee schedule invalid, does not mean that all such provisions are hereby forbidden. The problem with the exceptional circumstances provision incorporated into the fee schedule in this case is that it did not itself contain reasonable fixed rates or minimum and maximum hourly rates as required by article 26.05(c). Plainly, then, if an exceptional circumstances provision is incorporated into the fee schedule, and the provision provides for its own set of reasonable fixed rates or minimum and maximum hourly rates, a trial court's order of payment of fees based on such a provision would not be subject to mandamus. Thus, I caution the

counties throughout the State of Texas which have fee schedules incorporating some form of exceptional circumstances provision to consider and hopefully implement changes to avoid the problems the Court identifies with the provision that was in Collin County's fee schedule. Had Collin County's judges written rates into Local Rule 4.01(B), the order of payment of attorneys fees relying on that rule likely would withstand challenge before the court of appeals or this Court even if it provided for the same dollar amount of compensation or, quite possibly, a higher number than that.

### III — Conclusion

Although article 26.05(c) is clear that fee schedules must have reasonable fixed rates or minimum and maximum hourly rates and that the trial court's order of payment of attorney's fees in this case was based on a fee schedule provision which contained neither. The Commissioners Court was not entitled to the full extent of the mandamus relief sought and granted from the court of appeals. It was "justly entitled" to "such other and further relief" of a writ directing the trial court to amend the payment order to provide for proper payment, not rescission of the payment order altogether. The court of appeals's writ of mandamus should have provided less relief than that which was specifically prayed for. *See*, *e.g.*, *Mau*, 2018 WL 5623985 at *1. Because the court of appeals's writ of mandamus was too broad, it should not have been issued, and we should not let it stand. I would grant mandamus relief to Relator and issue a writ of mandamus directing the court of appeals to amend its prior writ. The court of appeals's amended writ should direct the trial court to change its order of payment to one based upon article 26.05(a), rather than one based on Local Rule 4.01(B), and to order payment of a reasonable fee in a manner consistent with this opinion. I respectfully dissent.

Filed: November 21, 2018
Publish