

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-88,366-01

### IN RE THE STATE OF TEXAS EX REL. JOSH SCHAFFER, Relator

### ON PETITION FOR A WRIT OF PROHIBITION
### ANCILLARY TO CAUSE NOS. 24975, 24976, 24977, 24978, 24979, 24980 & 24981
### IN THE 252ND DISTRICT COURT
### FROM JEFFERSON COUNTY

YEARY, J., filed a dissenting opinion.

## DISSENTING OPINION

After the Jefferson County Criminal District Attorney (hereinafter, "Respondent") voluntarily recused himself from representing the State in the above cause numbers, Relator was appointed to represent the State in those criminal cases as a prosecutor pro tem. Relator obtained indictments but was ultimately unsuccessful in obtaining convictions, and the cases came to an end. While the cases were still pending, Relator submitted one voucher that was approved by the judge presiding over the district court and paid by the Commissioners Court, at the rate of $175 per hour. After the criminal cases were concluded, Relator submitted a second voucher. The presiding judge approved the second voucher as well, at the same hourly rate. But before the Commissioners Court could authorize payment of the second

voucher, the Chief Civil Attorney of Respondent's Office sent Relator a letter to inform him that he had been paid at an hourly rate that was inconsistent with the Jefferson County fee schedule, under which he should not have been paid at a rate greater than $75 per hour.[1] She informed him that the amount he had already received, on his initial voucher, exceeded what he was entitled to be paid under both vouchers, and demanded that the balance be repaid to the county.

Relator has filed an application for writ of prohibition in this Court. In his prayer, he simply asks that we order Respondent and his office "not to interfere with the enforcement of the trial court's order to pay Relator's attorney fees and reimburse his expenses." He argues that Respondent, having recused himself, and thereafter having been disqualified by the trial court from participating in the cases, was absolutely prohibited from getting involved in the process of compensation for Relator's services as prosecutor pro tem. Without explanation, in a per curiam opinion that rightly declines to address the merits of the underlying fee dispute, the Court today grants that limited relief. I dissent.

Relator invokes this Court's constitutional power to issue the writ of prohibition "in criminal law matters." TEX. CONST. art. V, § 5. He argues that Respondent's interference with his compensation for his services as a prosecutor pro tem is a "criminal law matter"

---

[1] As authority for the proposition that Relator had been overcompensated, Respondent's Chief Civil Attorney referred Relator to *In re Collin County*, 528 S.W.3d 807 (Tex. App.—Dallas 2017). This Court later essentially ratified the Dallas Court of Appeals' opinion in *Collin County*. *See State ex rel. Wice v. Fifth Judicial District Court of Appeals*, ___ S.W.3d ___, No. WR-86,920-02, 2018 WL 6072183 (Tex. Crim. App. Nov. 21, 2018).

inasmuch as it relates to the criminal cases he shepherded, citing *Smith v. Flack*, 728 S.W.2d 784 (Tex. Crim. App. 1987) and *Weiner v. Dial*, 653 S.W.2d 786 (Tex. Crim. App. 1983). Those cases are not directly on point, however, since each involves the fee dispute itself—not the propriety of a particular party's involvement in that dispute. Here, the criminal cases were resolved by the time Respondent became involved. Moreover, Respondent became involved in the dispute, not in his capacity as the State's representative for "criminal matters," but in his more general capacity to "represent Jefferson County in any court in which the county has pending business." TEX. GOV'T CODE § 44.223(a).

Perhaps it could be argued that the relief Relator seeks involves a "criminal law matter" if only because it involves a construction of the attorney pro tem statute in the Code of Criminal Procedure. TEX. CODE CRIM. PROC. art. 2.07. That statute provides for the appointment of a prosecutor pro tem "in any case or proceeding" for which the attorney for the State is disqualified. It may be necessary to construe the scope of the phrase "case or proceeding" in order to determine whether Respondent's recusal reached beyond the criminal prosecutions themselves, and extended all the way into any potential fee disputes that might have arisen between the county and the appointed prosecutor pro tem. Is Respondent recused and disqualified from representation of the county in this new matter even though the criminal "case" has come to a conclusion and he is acting now only pursuant to his separate statutory authority to represent the county in his broader capacity? I do not think so.

In *Smith*, the Court observed that our constitutional mandamus authority is invoked

"when a criminal law is the subject of the litigation." 728 S.W.2d at 788. However, we later observed, in *Lanford v. Fourteenth Court of Appeals*, 847 S.W.2d 581, 585 (Tex. Crim. App. 1993), that the *Smith* pronouncement "was not intended to be a definitive statement of the meaning of 'criminal law matters.'" There, we construed the phrase to mean, "at a minimum, all legal issues arising directly out of a criminal prosecution." *Id*. More recently, we held that the issue of whether funds from an inmate trust fund account could be garnished pursuant to an assessment of costs to satisfy a judgment from a criminal prosecution did not arise directly enough from that criminal prosecution to render it a "criminal law matter." *Johnson v. Tenth Judicial District Court of Appeals*, 280 S.W.3d 866 (Tex. Crim. App. 2008). I am more inclined to believe that the question of whether Respondent should be involved on behalf of the county in Relator's fee dispute is a civil matter—and that, like the matter in *Johnson*, it is a civil matter that is insufficiently related to the criminal prosecutions which gave rise to it to constitute a "criminal law matter."

What is more, even if I thought that what was at issue here was a "criminal law matter" simply because it might involve a construction of Article 2.07, I would decline to grant prohibition relief in this matter—for essentially the same reason that I would hold that the issue is not a "criminal law matter" in the first place. It is not at all clear to me that we should construe the phrase "case or proceeding" in Article 2.07 to extend beyond a criminal prosecution in which an elected prosecutor has recused him- or herself. I would not construe the recusal to encompass a subsequent fee dispute—especially one brought by appointed

prosecutors, not defense attorneys—that only arises after all criminal prosecutions have been concluded. As far as I am aware, we have not construed the phrase this broadly. And it is certainly possible, and perhaps even likely, that we would *not* construe the statute so broadly, particularly in view of Respondent's independent duty under the Government Code ("[h]e shall") to represent the county in appropriate non-criminal law matters as well. TEX. GOV'T CODE § 44.223(a).

In order to be entitled to prohibition relief, Relator must show that he is indisputably entitled to the relief he seeks. *E.g. Simon v. Levario*, 306 S.W.3d 318, 320 (Tex. Crim. App. 2009) (holding that a relator must show a "clear" right to relief—"that is to say, 'when the facts and circumstances dictate but one rational decision' under unequivocal, well-settled (*i.e.*, from extant statutory, constitutional, or case law sources), and clearly controlling legal principles") (quoting *State ex rel. Young v. Sixth Judicial District Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007))). As far as I am concerned, Relator has not shown as a matter of law that the fee dispute that forms the backdrop for this matter is part of the same "case or proceeding" as the criminal prosecutions from which Respondent recused himself. Absent such a showing, Relator is not entitled to prohibition relief.

For these reasons, I respectfully dissent.


FILED:　　　　　December 12, 2018
PUBLISH